AMERICAN COLONIAL BANK OF PORTO RICO, Plaintiff and Appellant, *v.* JUAN G. GALLARDO, TREASURER OF PUERTO RICO, ETC., Defendant and Appellee.

No. 5377.   Argued December 11, 1931.—Decided July 26, 1932.

*Frazer & Castro Fernández* for appellant. *James R. Beverley, Attorney General, M. Rodríguez Serra, Assistant Attorney General,* and *R. Cordovés Arana, Deputy Attorney General,* for appellee.

'MR. JUSTICE WOLF delivered the opinion of the Court.

This is a case that on its facts involves the same question that was raised in *Gallardo v. United Porto Rican Sugar Co.*, 42 P.R.R. 624, and the appellee does not enter into a discussion of the merits. Instead the sufficiency of the complaint or the right of action is attacked.

Under Act No. 8 of April 19th, 1927 (Session Laws, p. 122) a taxpayer who has paid taxes under protest may bring a suit within a year after such payment. The appellant made the protested payment on July 19, 1927. The action was brought on July 19, 1928. Appellee maintains that the action was brought a day too late. Under section 388 of the Political Code time is calculated by excluding the first day. Hence the year did not expire until the end of July 19, 1928. Just as well, it might be maintained that if a man is given one day in which to do a thing he must do it on the day when permission is granted. Thirty days from the 1st of June is the 1st of July. Barring leap years, 365 days or one year from a particular date is the same date in the following year.

Section 3 of Act No. 8 provided a manner of payment and right of action that was prospective and exclusive of previous manners. Hence a previous act requiring suit within thirty days after action by the Board of Review and Equalization was necessarily repealed.

The Act of 1927 provided that payments under protest should be made "upon request (*a requerimiento*) of the collector of internal revenue of his district, or of the official in charge of the collection of taxes." Appellee maintains that the complaint fails to show that such demand was made. If the collector accepts a payment under protest it is a waiver of a demand. The law does not require vain and useless things and a taxpayer under this act does not need to wait for an actual demand or threat.

We are also inclined to agree with appellant that when the complaint recited that "on July 19, 1927, the plaintiff did pay under protest . . . . according to law," this was under the circumstances the statement of an ultimate fact.

We also agree with appellant that if after a recourse to the Board of Review and Equalization a taxpayer pays under protest no necessity arises after such payment to recur to said board. The intention of the Legislature was to give a right of action after payment under protest.

The judgment appealed from should be affirmed in so far as it ordered the restitution of $302.64, and reversed in so far as it failed to grant the other amounts sued after; and the judgment of this Court shall sustain the complaint, with interest from the filing of the complaint.

Mr. Justice Córdova Dávila took no part in the decision of this case.